Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2033 | **DATE** | 4/5/11 |
| **CASE TITLE** | Alfonso Paul Cazares (B-63411) v. Kevin Peters | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current application to proceed *in forma pauperis* [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. The clerk shall send to Plaintiff another *in forma pauperis* application and an amended complaint form. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice.

■ [**For further details see text below.**]          Docketing to mail notices.

## STATEMENT

Plaintiff, Alfonso Paul Cazares (B-63411), currently incarcerated at the Graham Correctional Center, has filed this civil rights complaint under 42 U.S.C. § 1983 against Kevin Peters, an attorney who represented Plaintiff in his criminal case.

Plaintiff's current application to proceed *in forma pauperis* is incomplete, as it includes neither a copy of his jail trust fund account for a six-month period preceding his filing of this complaint, nor a certificate by an authorized officer stating the average balance of Plaintiff's trust fund account. The issue of the filing fee must be resolved before this case can proceed forward.

The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

To proceed with this case, Plaintiff must either prepay the filing fee or submit a completed *in forma pauperis* application that includes both a statement of his trust fund account and a certificate from an authorized officer. Plaintiff's failure to satisfy the filing fee requirement within 30 days of the date of this order will result in dismissal of this case without prejudice. N.D. Ill. Local Rule 3.3(e).
**(CONTINUED)**

          isk

| STATEMENT (continued) |
|---|

Additionally, Plaintiff's complaint fails to state a valid claim. Plaintiff seeks to sue the attorney who represented him in his criminal proceedings. Plaintiff alleges that the attorney did not preform according to the terms of their agreement, that the attorney may have been ineffective and committed malpractice, and that the attorney owes Plaintiff money. Even assuming such allegations are true, they do not state a federal claim upon which this court can grant relief.

To the extent Plaintiff seeks to bring a civil rights claim under 42 U.S.C. § 1983, a defendant must have both acted under color of state law, i.e., be a state actor, and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Defense attorneys, whether privately retained or appointed, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983).

To the extent Plaintiff seeks to allege ineffective assistance of counsel as a ground for federal habeas corpus relief, such a claim must be brought in a 28 U.S.C. § 2254 petition after Plaintiff has exhausted state court remedies. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). This court cannot convert Plaintiff's current civil rights case into a habeas petition. *See Copus*, 96 F.3d at 1039.

Because Plaintiff's complaint states no federal claim for relief that this court can grant, the complaint is dismissed. To proceed with this case, Plaintiff must submit an amended complaint (plus a judge's copy and a service copy for each defendant) that states a valid claim. If Plaintiff proceeds with his current claim, he may incur not only the expense of the $350 filing fee, but also the imposition of a strike under 28 U.S.C. § 1915(g) (the dismissal of an inmate's case as frivolous or for failure to state a claim counts as a strike). If an inmate accumulates three strikes, he may not proceed *in forma pauperis* in a civil case in this court or on appeal, unless he first demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If Plaintiff does not submit an amended complaint, such inaction may be construed as his desire not to proceed with this case and will result in summary dismissal of this case without prejudice.

Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. Failure to comply with this order may construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal of the case without prejudice.